**In re Petition for REINSTATEMENT TO the Practice of Law of Frank P. RAMACCIOTTI, Petitioner.**

No. C7–95–551.

Supreme Court of Minnesota.

Aug. 6, 1999.

## ORDER

WHEREAS, on April 12, 1995, this court indefinitely suspended petitioner Frank P. Ramacciotti from the practice of law and required petitioner to demonstrate psychological fitness, compliance with court orders, financial responsibility, compliance with state and federal tax requirements, and a willingness and ability to cooperate with the disciplinary system in *In re Disciplinary Action Against Ramacciotti,* 529 N.W.2d 672 (Minn.1995);

WHEREAS, this court also recommended in its disciplinary order that petitioner be placed on supervised probation for at least two years following any reinstatement;

WHEREAS, petitioner has filed a petition requesting reinstatement with this court stating he has fulfilled the terms of the disciplinary order with respect to reinstatement;

WHEREAS, the Lawyers Professional Responsibility Board Panel, after conducting a hearing on reinstatement on April 9, 1999, concluded that petitioner has satisfied the conditions required for reinstatement and recommends that petitioner be reinstated to the practice of law subject to a minimum of two years of supervised probation with the following terms and conditions:

1. Petitioner shall cooperate fully with the Director's office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, petitioner shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

2. Petitioner shall abide by the Minnesota Rules of Professional Conduct.

3. Petitioner shall timely file all required state and federal tax returns, including individual and employer withholding returns, and timely pay the taxes due thereon. Petitioner shall affirmatively report to the Director, on or before the due date of the required returns, his compliance with filing and payment requirements. Such reports shall include copies of the returns. On or before the filing deadline, petitioner shall provide the Director with copies of all applications for filing extension and proof of approval of such applications. Petitioner shall provide all of the documents and information required herein without specific reminder or request.

4. Petitioner shall provide the Director's office with a written description of his office procedures. Those procedures shall ensure that there are prompt responses to correspondence, telephone calls and other important communications from clients, courts, and other persons interested in matters that petitioner is handling, and which will ensure that petitioner regularly reviews each and every file and completes legal matters on a timely basis.

5. Petitioner shall not accept clients until a licensed Minnesota attorney, approved by the Director, has signed a supervision agreement.

6. Petitioner shall cooperate fully with the supervisor in the supervisor's efforts to monitor compliance with this probation. Petitioner shall contact the supervisor and schedule a minimum of one in-person meeting every other week for the first four months of the probationary period. Thereafter, the number of supervision meetings may decrease with the agreement of the Director's office upon the recommendation of the supervisor. The minimum number of personal meetings with the supervisor shall be one per month. Petitioner shall provide to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, the associating attorney, most recent activity, next anticipated action, and anticipated closing date. Petitioner's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may be reasonably requested by the Director.

7. Petitioner shall continue psychological counseling with Dr. Lowell Campbell or another counselor preapproved by the Director's office until such time as petitioner is discharged from counseling. Three months before petitioner's two-year probation is scheduled to end, petitioner shall provide certification that probation is no longer helpful or appropriate. If petitioner's psychologist is unable to make such certification, petitioner's probation shall continue until such time as his psychologist can so certify.

WHEREAS, the Director concurs with the panel's recommendation;

IT IS HEREBY ORDERED that petitioner is reinstated to the practice of law in the State of Minnesota, effective immediately, and is placed on supervised probation for a minimum of two years subject to the terms and conditions recommended by the panel and set forth above.

BY THE COURT:

Alan C. Page

Alan C. Page
Associate Justice